IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CORNELIUS WHITE, JR.,<br>GDC # 1285416,<br>    Plaintiff,<br><br>v.<br><br>KIM KIMBROUGH, Sheriff, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:12-CV-3581-WSD-GGB |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Cornelius White, Jr., has filed a *pro se* civil rights action under 42 U.S.C. § 1983.  [Doc. 1].  Plaintiff has been granted *in forma pauperis* status, and the matter is presently before me for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Under 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either:  (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when

it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

II. <u>Plaintiff's Allegations</u>

Plaintiff sues Sheriff Kim Kimbrough, the Clayton County Detention Facility, and Clayton County, Georgia, alleging that he slipped and fell down stairs at the jail, causing him to injure his back. According to Plaintiff, on August 23, 2012, he stepped into a puddle of water while wearing "ripped" shower shoes, causing him to slip and fall to the bottom of a set of stairs. Plaintiff contends that he was transported to the jail infirmary, where he was "briefly checked out" and given Motrin for pain. Plaintiff alleges that the paramedic noticed a swollen and bruised area on his back, and Plaintiff was seen by the jail doctor the following week. Plaintiff contends that the doctor prescribed blood cultures and x-rays, which Plaintiff apparently received. According to Plaintiff, the doctor has not yet met with him to discuss the results of the blood cultures and x-rays.

Plaintiff alleges that the prescribed medication he received "caused [him] problems" so he discontinued them. Plaintiff contends that, as a result of the fall, he suffers pain and "can't stay awake too long." Plaintiff also alleges that he has not been able to see the doctor in a timely manner. Plaintiff contends that he is scheduled for transfer to a residential program that will not be able to accommodate his physical limitations because he cannot walk long distances. Plaintiff seeks damages, a

3

sentence modification, and to be under the care of another doctor outside the Clayton County Detention Facility.

III. Discussion

   A. Deliberate Indifference to Health and Safety

Plaintiff's slip and fall claim fails to state an actionable claim under § 1983. In order to state an Eighth Amendment prisoner conditions suit relating to the slip and fall, Plaintiff must show that (1) the conditions that resulted in his fall down the stairs were "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to establish deliberate indifference, Plaintiff must show that a defendant "had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). *See also Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence).

Plaintiff does not allege that any jail officers were aware of a risk of harm to

4

him by the torn shower shoes or the puddle of water. Furthermore, even if officers were aware of the risk that Plaintiff could fall due to the torn shoes or puddle of water, Plaintiff has not demonstrated that his claim constitutes anything more than negligence—which is not actionable under § 1983. *See Martin v. City of N.Y.*, No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) (dismissing prisoner's deliberate indifference claim that the inadequate soles on his prison-issued shoes caused him to slip and fall on the wet floor because "bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation"). *See also Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir. 2009) (dismissing plaintiff's deliberate indifference claims against officers where plaintiff alleged that he slipped and fell in standing water in the shower and contended that officers knew of dangerous conditions and failed to take preventative measures, because at the most his allegations constituted negligence which is not actionable under § 1983); *Thornton v. Phillips County, Ark.*, 240 F.3d 728 (8th Cir. 2001) (holding that inmate's complaint alleging that he was injured in a fall caused by his jail jumpsuit that was too long alleged no more than mere negligence, and was thus insufficient to state a § 1983 claim). Thus, Plaintiff's slip and fall claim should be dismissed.

5

### B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it "constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003). *See also Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

Mere claims of negligence or inattention by a medical practitioner, however, do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. *Estelle*, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner); *Mandel v. Doe*, 888 F.2d 783, 787–88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence

or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause [.] . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to diagnosis or course of treatment also does not support a claim of cruel and unusual punishment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *see also Herndon v. Whitworth*, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995) ("Mere negligence or even malpractice, however, is not sufficient to constitute an Eighth Amendment violation. . . . A mere difference in medical opinion also will not suffice.") (Ward, J.) (citation omitted).

In the case at bar, Plaintiff alleges that he was transported to the infirmary and treated immediately following his fall. Furthermore, Plaintiff received follow up treatment from the jail doctor for the swollen bruise on his back. Plaintiff's allegations that the doctor has not followed up with him regarding the results of his x-rays and blood cultures, that he has decided to stop taking his medication, and that he would prefer outside medical treatment appear to be a disagreement with his course of treatment. Mere allegations of improper diagnosis and/or treatment, however, at most support a medical malpractice claim. *See Barnes v. Martin Cty. Sheriff's Dep't*, 326 F. App'x 533, 535 (11th Cir. 2009) ("A 'complaint that a

7

physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'") (quoting *Estelle*, 429 U.S. at 106);[1] *Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006) ("The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment."). Moreover, "where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." *Murphy v. Turpin*, 159 F. App'x 945, 949 n. 4 (11th Cir. 2005). Here, Plaintiff's allegations are insufficient to get beyond the frivolity screening stage. Accordingly, his complaint should be dismissed.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to me.

**IT IS SO RECOMMENDED,** this 6th day of May, 2013.

*Gerrilyn G. Brill*

---

[1] *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are "classic examples" of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle*, 429 U.S. at 107.

8

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE