IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORNELIUS WHITE, JR.,
GDC # 1285416,

      Plaintiff,

v.    1:12-cv-3581-WSD

KIM KIMBROUGH, Sheriff, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [9].

**I.   BACKGROUND**

On October 11, 2012, Plaintiff Cornelius White, Jr., ("Plaintiff") proceeding *pro se*, filed this Section 1983 action against Sheriff Kim Kimbrough, the Clayton County Detention Facility, and Clayton County, Georgia, seeking damages for a back injury allegedly sustained when Plaintiff slipped and fell down the stairs while in custody in the jail. Plaintiff also alleges that the medical care he received was inadequate.

The Magistrate Judge conducted an initial review under 28 U.S.C. § 1915A and determined that Plaintiff failed to state any viable claims in this action.

Plaintiff did not object to the Magistrate Judge's findings or recommendations.

## II. DISCUSSION

### A. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Because Plaintiff did not object to the Magistrate Judge's R&R, the Court reviews it for plain error.

### B. Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege

that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law.  See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  To state a Section 1983 claim related to Plaintiff's slip and fall in prison, Plaintiff must show that (1) the conditions that resulted in his fall were "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In order to establish deliberate indifference, Plaintiff must show that a defendant "had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'"  Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003) (*quoting* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).  Plaintiff does not allege that any jail officers were aware of a risk of harm, and fails to show that his claim amounts to anything other than one for mere negligence.  Plaintiff has not stated a viable claim under section 1983, and the claim is required to be dismissed.

Plaintiff's claim based on indifference to his medical needs also is not viable.  Claims of negligence or inattention by a medical practitioner do not rise to

3

the level of an Eighth Amendment violation actionable under section 1983.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (medical malpractice does not become a constitutional violation merely because the victim is a prisoner).  Plaintiff alleges that he did in fact receive medical care after his fall, and also received follow-up care related to a swollen bruise on his back.  Plaintiff's allegations that he would have been better served by a different course of treatment, including outside medical care, do not state an actionable Constitutional claim for medical mistreatment.  "[W]here an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." Murphy v. Turpin, 159 F. App'x 945, 949 n.4 (11th Cir. 2005).

Because Plaintiff has failed to assert actionable claims under section 1983, the Court concludes that this action is required to be dismissed.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Court **ADOPTS** Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [9].

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 27th day of September, 2013.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE